Jyotin Hamid (jhamid@debevoise.com)
Bethany A. Davis Noll (bdavisnoll@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Bharat Aluminium Company Limited,*
*Sterlite Industries (India) Limited,*
*Vedanta Resources plc, and Sterlite (USA), Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GLENCORE AG,                                                          :
                                                                     :
                       Petitioner/Plaintiff,                         :
                                                                     :     10 Civ. 5251 (SAS) (AJP)
            -against-                                                 :     ECF Case
                                                                     :
BHARAT ALUMINIUM COMPANY LIMITED,                                    :
STERLITE INDUSTRIES (INDIA) LIMITED,                                 :
VEDANTA RESOURCES PLC,                                               :
AND STERLITE (USA), INC.,                                             :
                                                                     :
                       Respondents/Defendants.                       :
------------------------------------------------------------------------x

## DECLARATION OF RAVI RAJAGOPAL

I, Ravi Rajagopal, declare as follows:

1.      I am the Vice President (Legal) and Company Secretary of Respondent/Defendant

Bharat Aluminium Company Limited ("Balco").  I make this declaration, on personal

knowledge, a review of relevant records, and, where indicated, on information and belief, (1) in

opposition to the application of Glencore AG ("Glencore") for a pre-judgment order of

attachment and (2) in support of the motion to dismiss Glencore's Petition for an Order

Confirming Foreign Arbitral Award of Respondents/Defendants Balco, Sterlite Industries (India)

Ltd. ("Sterlite-India"), Vedanta Resources plc ("Vedanta") and Sterlite (USA), Inc. ("Sterlite-

USA").

**Background on Balco**

2.      Balco is a major producer of aluminium in India.  Our operations involve mining bauxite from our captive bauxite mines in India, refining bauxite to create alumina, smelting alumina to produce aluminum ingots and fabricating aluminum into aluminum plates and sheets of various alloys.  Because aluminium smelter is a continuous process requiring uninterrupted power, Balco also has its own thermal power plants for generating power for its smelters. Further information about our business can be found on our website at www.balcoindia.com.

3.      Balco was incorporated in India in 1965 as a Public Sector Undertaking – meaning that we were initially 100% owned and operated by the Government of India.  Excerpts of the Memorandum of Association of Bharat Aluminium Company Limited, entered into in November 1965, and governing the operations of Balco to this day, are attached as **Exhibit A**.

4.      In 2001, the Government of India divested 51% of the equity of Balco to Sterlite-India, which, in turn, is an indirect subsidiary of Vedanta.  The Government of India continues to own 49% of Balco.  Excerpts of the Shareholders Agreement among the Government of India, and Sterlite-India and Balco, dated March 2, 2001 (the "SHA") are attached as **Exhibit B**.

5.      Sterlite-India is one of the leading copper producers in India.   Sterlite-India's registered office and Plant is in Tamil Nadu, India, and its corporate office is in Mumbai, India. It also has two copper rod plants at Silvassa in the Union Territory of Dadra Nagar Haveli in India.  Through various subsidiaries, Sterlite-India also has interests in the mining and manufacture of copper, zinc and aluminium elsewhere in India and in Australia.

6.      Vedanta, Sterlite-India's ultimate parent, is a London-listed FTSE 100 diversified metals and mining group.  It is a holding company of its direct and indirect subsidiaries, and it reports a consolidated financial statement.  It is not directly engaged in production or mining.  It has corporate offices in London.  The principal operations of group companies are located

throughout India, with further operations in Zambia and Australia.

### Balco Has No Presence in New York

7.      Balco's operations, properties and assets are all located exclusively in India.  Our registered office is located in New Delhi, India.  Our operations are headquartered in Korba, Chhattisgarh, India, with our captive bauxite mines, refineries, smelting and fabricating facilities, and captive power generation plants all located in Chhattisgarh, India as well.

8.      We have no presence in New York (or anywhere else in the United States).  We have no offices or facilities located in New York.  We do not do or solicit any business in New York.  We do not own or lease any real, tangible, intangible or personal property in New York. We have no employees located in New York.  We do not maintain any bank, brokerage or investment accounts in New York.  None of our revenue is attributable to New York.

9.      I understand that Glencore's moving papers make reference to a 2008 agreement between Balco and a Florida company called Continental Steel & Tube Company to market and sell Balco's aluminium coils in the United States.  (*See* Floyd Decl. ¶ 24, Ex. 15.)  No business ever materialized under that contract.  The contract lapsed and was not renewed.

### Balco Observes Corporate Formalities and Is a Separate Entity from Its Affiliates

10.     Balco is a limited company properly constituted under the laws of India.  As noted above, it is governed by its own Memorandum of Association and SHA.  (Exs. A, B.)

11.     Balco has its own by-laws, prepares its own financial statements, maintains its own books and accounts, has its own credit facilities, and has its own registered and corporate offices and operating facilities – all separate from those of Sterlite-India, Vedanta or Sterlite-USA.  Balco does share office space in regional marketing offices around India with other Vedanta subsidiaries in order to facilitate servicing of common customers in those regions.  But

even in those offices each subsidiary has its own separate marketing team.

12.     Balco is adequately and independently capitalized.  According to the audited financial statements (audited by Deloitte) for the fiscal year-ended March 31, 2010, Balco had total assets worth $1.086 billion, total annual revenues of $707.69 million, total net profit of $113.91 million (after provision for taxes), and reserves and surplus of $711.93 million against an equity capital of $46.75 million, converted to US dollars at the date of this declaration.

13.     Balco has 4,868 employees.  None of these employees are also employed by Sterlite-India, Vedanta or Sterlite-USA.  Sterlite-India has seconded 157 employees temporarily to Balco in order to enrich those employees' experience and broaden their expertise.  Balco reimburses Sterlite-India for the cost of such employees' compensation during the period of secondment.

14.     Transactions between Balco and Sterlite-India, Vedanta or Sterlite-USA are conducted at arm's length.  For example, when Sterlite-India advanced to Balco $107 million to finance an expansion project, the transaction was treated as a loan, which Balco repaid in full together with interest set at commercial bank lending rates.  Sterlite-India has not made any other loans to Balco.  Nor has Vedanta or Sterlite-USA made any loans to Balco.  Sterlite-India, as owner of 51% of Balco's stock, receives ordinary dividends on the same terms as the Government of India (the 49% owner).  Neither Sterlite-India nor any other affiliate pays or guarantees Balco's debts.  As noted, when certain employees of Sterlite-India are occasionally seconded to Balco by Sterlite-India, Balco reimburses the cost of their salaries to Sterlite-India.  Neither Sterlite-India, Vedanta nor Sterlite-USA uses Balco's property as their own.

15.     Although Sterlite-India holds 51% of the equity of Balco (and therefore has management control), it does not have, nor does it exercise, complete control or dominion over

Balco.  Rather, Balco functions in accordance with the SHA, which contains several important constraints on Sterlite-India's power as majority shareholder.  In fact, the Government of India has effective veto power as to many important corporate matters and decisions.

16.     For example, certain obligations, decisions and actions can only be approved by Balco's shareholders if one representative of the Government of India and one representative of Sterlite-India both vote in favor of it.  (*See* Ex. B, SHA ¶ 4.5(a).)  These obligations, decisions and actions are specified in Schedule 4.5 and include decisions to "[c]hange the place of the registered office from one State to another," "[c]ommence any new line of business," "[r]eduction of the share capital," "approval of variation of rights of special classes of Shares," "[k]eep registers and returns at any other place than within city, town or village in which the registered office is situated," "[m]ake loans or provide guarantees or security to other companies under the same management," or "[a]pply to a Court to wind-up [Balco]."  (*See* Ex. B, SHA ¶ 4.5(a) and Schedule 4.5).  There are no restrictions on how the Government of India nominee exercises its vote "on any resolution that directly or indirectly relates to the matters specified in Schedule 4.5" (*see* Ex. B, SHA ¶ 4.6.), and the Government of India has important rights should it choose not to vote in favor of a resolution that directly or indirectly relates to the matters specified in Schedule 4.5 (*see* Ex. B, SHA ¶ 10.4.).

17.     Similarly, the Board of Balco cannot adopt the above-mentioned obligations, decisions and actions without the approval of both one nominee director of the Government of India and one nominee director of Sterlite-India.  (*See* Ex. B, SHA ¶ 4.5(b) and Schedule 4.5.)  Again, there are no restrictions on how the Government of India nominee exercises its voting rights under this provision.  (*See* Ex. B, SHA ¶¶ 4.6, 10.4.)

18.     Balco's Managing Director's duties and powers are also subject to the provisions

of paragraph 4.5 and Schedule 4.5.  (*See* Ex. B, SHA ¶ 4.7.)

19.     Sterlite-India has the duty to ensure that Balco supplies the Government of India with regular audited financial reports.  (*See* Ex. B, SHA ¶ 4.8.)

20.     Balco's senior executive team – referred to as the "Business Management Committee" – consists of the CEO and seven other officers, none of whom is employed by, or is on the Board of Directors of, Sterlite-India, Vedanta or Sterlite-USA.

21.     Balco's Board of Directors is separate from the Boards of any of its affiliates. The Board consists of eight members.  Pursuant to the SHA, three Directors are nominated by the Government of India and five are nominated by Sterlite-India.  Though in the minority, the Government of India's nominees have important powers and rights, as detailed above.

22.     Only two of the eight Balco Board members are also on the Boards of Sterlite-India and/or Vedanta.  Anil Agarwal serves as Chairman of Balco's Board and is also founder of the Vedanta Group.  His brother, Navin Agarwal serves as Vice-Chairman of Balco's Board, Executive Vice-Chairman of Sterlite-India and Deputy Executive Chairman of Vedanta. Although the two brothers head the Vedanta conglomerate, their placement on Balco's Board does not allow Sterlite-India to exercise complete dominion or control over Balco or to direct Balco in any ways that are contrary to the SHA.

23.     Two other Board members were nominated by Sterlite-India, but they are not on Sterlite-India's Board and are not employed in any capacity by Sterlite-India:  Gunjan Gupta (Balco's CEO) and Pramod Suri.  A final director nominated by Sterlite-India, Tarun Jain, is an officer (but not a Board member) of Sterlite-India and is on the Board of Sterlite-USA.

24.     Although it is certainly true that for branding and marketing purposes, Balco uses the "Vedanta" name on business cards, email addresses and in other contexts, this hardly

suggests that Balco does not observe corporate formalities or is not a distinct legal entity.  We

want the people and entities with whom we do business to know that we are part of a large

conglomerate – and we are – but we are also a distinct company.

### Balco's Dispute with Glencore

25.      On September 11, 2008, Balco and Glencore entered into an Alumina Supply

Agreement (the "Alumina Supply Agreement"), pursuant to which Glencore agreed to sell and

Balco agreed to purchase alumina.

26.      On November 17, 2008, after a dispute arose under the Alumina Supply

Agreement between Balco and Glencore, Glencore sought and obtained an *ex parte* order of

attachment against Balco pursuant to Rule B of the Supplemental Rules for Certain Admiralty

and Maritime Claims.  In that action, Glencore correctly asserted that Balco "cannot be found

within this District."  Glencore's Verified Complaint is attached as **Exhibit C**.  Glencore never

named Sterlite-India, Sterlite-USA, or Vedanta as defendants in that action.  On December 12,

2008, the U.S. District Court for the Southern District of New York granted Balco's motion to

vacate the attachment and dismissed the action.  *See Glencore Ag v. Bharat Aluminum Co*.,  No.

08 Civ. 9765, 2008 WL 5274569, at *1 (S.D.N.Y. Dec. 15, 2008).

27.      On December 17, 2008, Glencore served a request for arbitration on Balco,

pursuant to Section 12.1 of the Alumina Supply Agreement.  Glencore did not name nor did it

ever seek to name Sterlite-India, Sterlite-USA, or Vedanta as Respondents in the arbitration.

28.      On June 17, 2010, the sole arbitrator issued the Reasoned Final Award.  The

Award (attached to Glencore's Petition) make no findings related to Sterlite-India, Sterlite-USA,

or Vedanta.  Balco, the sole respondent, was the sole party found by the arbitrator to have any

liability to Glencore.

8

\*      \*      \*      \*      \*

29.    No prior application for this relief has been made to this or any other Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.  Executed in Chattisgarh, India

on this  26th day of July 2010.

**For BHARAT ALUMINIUM CO. LTD.**

Ravi Rajagopal
Vice President (Legal)
& Company Secretary

_____
Ravi Rajagopal