# EXHIBIT C

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
GLENCORE AG
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GLENCORE AG,

            Plaintiff,

   -against-

BHARAT ALUMINUM COMPANY LIMITED,

            Defendant.
------------------------------------------------------------------X

08 Civ.

**VERIFIED COMPLAINT**

      Plaintiff, GLENCORE AG ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant BHARAT ALUMINUM COMPANY LIMITED ("Defendant"), alleges upon information and belief as follows:

      1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

      2.     At all material times, Plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of Switzerland, with an office and place of business at Baaremattstrasse 3, CH-6341 Baar, Switzerland.

      3.     Upon information and belief, at all material times Defendant was and still is a foreign corporation organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at Aluminum Sadan, Core-6 Scope Office Complex, 7 Lodi

Road, New Delhi 110003, India.

4. On or about September 11, 2008, Plaintiff, as seller, and Defendant, as buyer, entered into an agreement for the purchase, sale, and safe delivery of a quantity of sandy calcined metallurgical grade alumina (the "Cargo"). A copy of the complete contract is annexed hereto as Exhibit "1".

5. The contract required Plaintiff to ship the Cargo in late October and early November aboard a vessel, from Australia, for delivery to the Defendant at the port of Vishakhapatnam, India.

6. Appendix "C" of the parties' contract set forth the obligations of the parties with respect to the ocean transportation and delivery of the Cargo including, but not limited to, particular vessel specifications and "characteristics"; procedures for obtaining approval of a nominated vessel; procedures for substituting a nominated vessel; discharge rates; procedures for the giving of notices of the vessel's readiness to load and discharge the Cargo; and, references to a "Charter Party" for calculating demurrage and despatch.

7. Pursuant to Appendix "C", Plaintiff was to obtain the acceptance of Defendant in regard to the characteristics of any vessel nominated to transport the Cargo to Defendant in India.

8. Appendix "C" requires Defendant to grant such consent and acceptance within "one working day" and further provides that Defendant "shall not unreasonably withhold" its acceptance of any vessel nominated by Plaintiff, or any substituted vessel.

9. In accordance with Appendix "C," on or about September 23, 2008, Plaintiff nominated the M/V F & K as the vessel to transport the Cargo to the Defendant at the discharge port of Vishakhapatnam, India.

10. On or about October 3, 2008, Defendant, in accordance with Appendix "C,"

accepted Plaintiff's nomination of the M/V F & K.

11. On or about October 16, 2008, Plaintiff nominated the M/V WU CHANG HAI as a substitute vessel to transport the Cargo to the Defendant at the discharge port of Vishakhapatnam, India. The M/V WU CHANG HAI was, in all respects, identical to the M/V F & K, including as concerns vessel characteristics and availability to load the Cargo within the time provided for in the parties' contract and Appendix "C".

12. Pursuant to Appendix "C," Plaintiff requested Defendant's consent and acceptance of the M/V WU CHANG HAI. However, despite repeated demands that Defendant provide its consent and acceptance in accordance with Appendix "C," Defendant has refused to give such consent and acceptance.

13. Defendant's bad faith refusal and failure to consent to and accept the M/V WU CHANG HAI is a breach of the parties' agreement which requires that Defendant "shall not unreasonably withhold" its acceptance of any vessel nominated by Plaintiff, or any substituted vessel.

14. As a result of Defendant's breach, as aforesaid, Plaintiff has incurred damages in the amount of $3,797,850.00, no part of which has been paid although duly demanded.

15. Under the terms of the parties' agreement, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. Plaintiff intends to commence arbitration proceedings in London imminently.

16. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

17. In addition to recovering the principal amount due to Plaintiff under the parties'

3

agreement, Plaintiff also fully anticipates recovering interest, costs, and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings and are authorized by statute. As best as can now be estimated, Plaintiff expects to be awarded the following amounts in the London arbitration:

| | | |
|---|---|---:|
| a. | On the principal claim | $3,797,850.00 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $742,928.47 |
| c. | Legal Costs (attorneys' fees, arbitrators' fees, etc.) | $250,000.00 |
| | TOTAL | $4,790,778.47 |

18. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts, electronic fund transfers and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That because the Defendant cannot be found within this District pursuant to Rule B of

4

the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $4,790,778.47, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
November 12, 2008

> BROWN GAVALAS & FROMM LLP
> Attorneys for Plaintiff
> GLENCORE AG
>
> By: _____
> Peter Skoufalos (PS-0105)
> 355 Lexington Avenue
> New York, New York 10017
> Tel: (212) 983-8500
> Fax: (212) 983-5946

5

# VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

PETER SKOUFALOS

Sworn to before me this
12th day of November 2008

Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010

6