UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GLENCORE AG,                                              :

    Petitioner/Plaintiff,                            :

   -against-                                            :

BHARAT ALUMINIUM COMPANY LIMITED,        :    10 Civ. 5251 (SAS) (AJP)
STERLITE INDUSTRIES (INDIA) LIMITED, AND
VEDANTA RESOURCES PLC,                            :    ECF Case

    Respondents/Defendants.                          :

-----------------------------------------------------------------------x


## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

DEBEVOISE & PLIMPTON LLP
Jyotin Hamid
(jhamid@debevoise.com)
Bethany A. Davis Noll
(bdavisnoll@debevoise.com)
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

*Attorneys for Bharat Aluminium Company Limited,
Sterlite Industries (India) Limited, and Vedanta
Resources plc*

Dated: September 24, 2010
      New York, New York

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ......................................................................................................................3

I.      The Action Should Be Dismissed For Lack Of Personal Jurisdiction................................3

        A.      This Court Lacks Jurisdiction Over Balco.................................................3

        B.      This Court Lacks Jurisdiction Over Sterlite And Vedanta. ....................................3

        C.      Amending The Pleading To Allege "Nationwide Jurisdiction" Would Be
                Futile. ...................................................................................4

        D.      Quasi In Rem Jurisdiction Is Not Available. .................................................6

        E.      Glencore Is Not Entitled To Jurisdictional Discovery. ...........................................7

II.     Glencore's "Alter Ego" Allegations Fail. .......................................................................7

        A.      The "Alter Ego" Claim May Not Be Considered In This Action. ...........................7

        B.      Balco Is Not The "Alter Ego" Of Sterlite Or Vedanta...........................................8

III.    Glencore's Tortious Interference Allegations Fail. ...............................................................9

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

CASES

*Dale v. Banque SCS Alliance S.A.*,
  No. 02 Civ. 3592, 2004 WL 2389894 (S.D.N.Y. Oct. 21, 2004) ................................................5

*Dist. Council 1707 v. Ass'n of Black So. Workers Day Care*,
  No. 09 Civ. 5773, 2010 WL 1049617 (S.D.N.Y. Mar. 22, 2010) ...........................................8

*Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*,
  403 F.3d 85 (2d Cir. 2005)........................................................................................................9

*Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Rep.*,
  582 F.3d 393 (2d Cir. 2009)......................................................................................................7

*Glencore AG v. Bharat Aluminium Co.*,
  No. 08-9765, 2008 WL 5274569 (S.D.N.Y. Dec. 15, 2008) ....................................................9

*In re S. African Apartheid Litig.*,
  643 F. Supp. 2d 423 (S.D.N.Y. 2009).......................................................................................4

*In re Ski Train Fire*,
  230 F. Supp. 2d 376 (S.D.N.Y. 2002)....................................................................................3, 4

*In re Ski Train Fire*,
  257 F. Supp. 2d 717 (S.D.N.Y. 2003).......................................................................................5

*Kiobel v. Royal Dutch Petroleum Co.*,
  No. 02 Civ. 7618, 2010 WL 2507025 (S.D.N.Y. June 21, 2010)............................................6

*Law Debenture v. Maverick Tube Corp.*,
  No. 06 Civ. 14320, 2008 WL 4615896 (S.D.N.Y. Oct. 15, 2008) ..........................................3

*Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan.*,
  312 F.2d 299 (2d Cir. 1963)......................................................................................................8

*Porina v. Marward Shipping Co.*,
  521 F.3d 122 (2d Cir. 2008)..................................................................................................4, 6

*Shaffer v. Heitner*,
  433 U.S. 186 (1977)...................................................................................................................7

*Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*,
  585 F.3d 58 (2d Cir. 2009)........................................................................................................6

*Stutts v. De Dietrich Grp.*,
   465 F. Supp. 2d 156 (E.D.N.Y. 2006) ...................................................................6

*United States v. Swiss Am. Bank Ltd.*,
   274 F. 3d 610  (1st Cir. 2001) .............................................................................5

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*,
   751 F.2d 117 (2d Cir. 1984) ................................................................................9

**STATUTES & RULES**

N.Y. C.P.L.R. § 301 .................................................................................................3, 4

Fed. R. Civ. P. 4(k)(2) ..............................................................................................4, 5

Fed. R. Civ. P. 4(n)(2) ................................................................................................7

**OTHER AUTHORITIES**

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND  PROCEDURE
   § 1072 (3d ed. 2010) ...........................................................................................7

Defendants Bharat Aluminium Company Limited ("Balco"), Sterlite Industries (India) Ltd. ("Sterlite") and Vedanta Resources plc ("Vedanta") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Petition of Glencore AG ("Glencore").

## PRELIMINARY STATEMENT

Glencore does not dispute that Balco was the sole respondent in the underlying arbitration and the only party that the arbitrator found to have any liability to Glencore. Nor does Glencore dispute that Balco lacks any contacts with New York. That should end the analysis.

In an attempt to avoid the fatal jurisdictional defect in its Petition, Glencore seeks to proceed against Balco's corporate affiliates on "alter ego" and/or "tortious interference" theories. These theories should be rejected because they face numerous, independent obstacles, none of which Glencore can overcome:

*First*, Balco's affiliates – Sterlite and Vedanta – also lack contacts with New York sufficient to exercise personal jurisdiction over them. The few sporadic contacts alleged by Glencore are of a type that courts – including this one – have regularly found to be insufficient to support jurisdiction. Glencore's last-ditch request to amend its pleading to assert "nationwide jurisdiction" should be rejected because it is based on similarly sporadic, insufficient alleged forum contacts. Likewise, Glencore's request to take jurisdictional discovery should be rejected as a speculative fishing expedition.

*Second*, under Second Circuit authority, Glencore's "alter ego" allegations should not even be considered on a petition to confirm an arbitral award. Glencore's argument – that this Court must delve into a complex analysis of the relationships between corporate affiliates as well as each of their forum contacts just to get over the initial hurdle of personal jurisdiction –

underscores that Glencore's theory would enmesh the Court in exactly the sort of analysis that the Second Circuit has held to be inappropriate in this procedural context.

*Third*, Glencore's "alter ego" allegations are, in any event, insufficient and implausible. They are based, on the one hand, on circumstances that are entirely typical of ordinary parent-subsidiary relationships and, on the other hand, a blatant misrepresentation that in prior submissions to this Court, Vedanta and Sterlite said they would guarantee the debts of Balco. That is simply not true. Glencore does not dispute that Balco is a company with thousands of employees, hundreds of millions of dollars of revenues and over a billion dollars of assets; that Balco is 49% owned by the Government of India; that India has veto rights over important governance issues; that Sterlite (the 51% owner of Balco) is a publicly traded, independently audited company; or that Sterlite's ultimate parent, Vedanta, is a publicly traded, independently audited FTSE 100 company. On these undisputed facts, the notion that Balco is a mere shell of Sterlite and Vedanta, with no separate corporate existence, is absurd on its face. Glencore cites no facts – and certainly no authorities – to take its alter ego theory out of the realm of the absurd.

*Fourth*, Glencore's "tortious interference" theory should be rejected for several independent reasons. On a petition to confirm a foreign arbitral award, the Court's jurisdiction is circumscribed, and the Court should not consider new claims against new parties that were not part of the underlying arbitration. Also, in insisting that the "tortious interference" theory falls within this Court's maritime jurisdiction, Glencore continues to disregard Judge Buchwald's prior holding that the contract purportedly interfered with did not fall within such jurisdiction. Finally, even accepting Glencore's allegations that Sterlite and Vedanta made a "heavy-handed" attempt to persuade Glencore to re-negotiate its contract with Balco, such allegations do not constitute tortious interference. Glencore has simply failed to allege the elements of the claim.

## ARGUMENT

**I.     The Action Should Be Dismissed For Lack Of Personal Jurisdiction.**

**A.     This Court Lacks Jurisdiction Over Balco.**

In their opening brief, Defendants demonstrated that Balco, the sole respondent in the underlying arbitration, has no contacts with New York whatsoever.  Def. Mem. at 6-8.  Glencore's opposition papers make no attempt to dispute these facts.  Accordingly, there is no basis to exercise jurisdiction over Balco consistent with either N.Y. C.P.L.R. § 301 or the Due Process Clause.

**B.     This Court Lacks Jurisdiction Over Sterlite And Vedanta.**

Even if there were some basis for proceeding against Sterlite or Vedanta (which, for reasons described in subsequent sections, there is not), this Court lacks jurisdiction over them as well.  In its opposition papers, Glencore has focused again on the same sporadic contacts with New York that Defendants already addressed in their initial moving papers.  The alleged contacts, such as issuance and purchase of American Depository Shares ("ADS"), the payment and receipt of dividends in connection with those ADSs, issuance of corporate debt, limited engagement of New York lawyers, and use of New York choice of law clauses in certain of their contracts, are all insufficient to establish personal jurisdiction.  *See* Def. Mem. at 10.  The only new fact alleged in the opposition is Sterlite's filing of a complaint in this District nearly six years ago, in January 2005.  A single complaint, absent a pattern of substantial and continuous contacts demonstrating that Sterlite actually conducts business in New York, is insufficient to establish personal jurisdiction over a foreign corporation.  *See, e.g., Law Debenture v. Maverick Tube Corp.*, No. 06 Civ. 14320, 2008 WL 4615896, at *4-6 (S.D.N.Y. Oct. 15, 2008).

Glencore relies heavily on a prior opinion of this Court to support its arguments: *In re Ski Train Fire*, 230 F. Supp. 2d 376 (S.D.N.Y. 2002) (Scheindlin, J.).  But in that case, the types of

forum contacts on which Glencore relies – listing ADSs, utilizing a New York depository bank and investment specialist firm – were "insufficient to confer personal jurisdiction" over the corporate parent.  230 F. Supp. 2d. at 383.  In contrast to this case, numerous additional facts – the use of a New York law firm in connection with the registration of its 7,000 U.S. patents, employment of a New York press person, previous suits in New York, statements on defendant's website that "the United States has been an integral part of its business for fifty years," and evidence that 22% of its business was attributable to the United States – in combination with the other contacts, established general personal jurisdiction.  *Id.* at 384.  No such additional contacts are alleged or exist in this case.

### C.    Amending The Pleading To Allege "Nationwide Jurisdiction" Would Be Futile.

In an implicit concession that Defendants lack sufficient contacts with New York, Glencore asks for leave to amend its pleading to assert "nationwide jurisdiction" under Fed. R. Civ. P. 4(k)(2).  Opp. Mem. at 17. To establish jurisdiction under Rule 4(k)(2), a plaintiff must show that (1) the plaintiff's cause of action arises under federal law, (2) the defendant is not subject to the jurisdiction of any one state, and (3) the exercise of personal jurisdiction over the defendant is consistent with the requirements of due process.  *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008).  Just as for jurisdiction based on N.Y. C.P.L.R. § 301, because the suit does not arise out of and is unrelated to the alleged contacts with the United States, Glencore "must satisfy the more stringent minimum contacts test for general jurisdiction cases," by showing that Defendants had "continuous and systematic general business contacts" with the United States.  *Porina*, 521 F.3d at 128.  In addition, the plaintiff must certify that "the defendant is not subject to jurisdiction in any particular state." *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 435 (S.D.N.Y. 2009) (Scheindlin, J.) (explaining that certification is required

4

because otherwise, "defendant would be forced to choose between conceding its potential amenability to suit in federal court (by denying that any state court has jurisdiction over it) or conceding its potential amenability to suit in some identified state court").

Glencore's Rule 4(k)(2) argument is unavailing.  As a threshold matter, Glencore has not made the requisite certification in accordance with *In re South African Apartheid Litigation*.  In addition, the Defendants' alleged contacts with the United States are not more significant than their contacts with New York and do not support a finding of nationwide jurisdiction.

*First*, Glencore has not set forth any facts showing that Balco has any contacts with the United States whatsoever apart from one alleged contract and its status as the assignee of a single patent.  *See* First Floyd Decl. ¶¶ 24, 25.  A single, lapsed distribution agreement under which no business ever materialized, *see* Def. Mem. at 7; Rajagopal Decl. ¶ 9, and the registration of a single patent are insufficient to demonstrate minimum contacts with the United States.  *See*, *e.g.*, *United States v. Swiss Am. Bank Ltd*., 274 F. 3d 610, 620 (1st Cir. 2001).

*Second*, Glencore has failed to make a prima facie showing of minimum contacts between Sterlite or Vedanta and the United States sufficient to "approximate physical presence." *In re Ski Train Fire*, 257 F. Supp. 2d 717, 730 (S.D.N.Y. 2003).  To the extent Glencore relies on the purported contacts with New York, those are also insufficient to show the required "continuous and systematic general business contacts" with the United States under Rule 4(k)(2). *See e.g., Dale v. Banque SCS Alliance S.A*., No. 02 Civ. 3592, 2004 WL 2389894, at *7 (S.D.N.Y. Oct. 21, 2004) (rejecting alleged contacts with New York as "also insufficient to support a finding that the court has personal jurisdiction over the defendants based on their contacts with the United States as a whole").

Aside from the insufficient New York contacts, Glencore alleges one other purported

contact of Vedanta and two other purported contacts of Sterlite.  As to Vedanta, Glencore alleges that years ago Vedanta had an indirect subsidiary in Georgia, *see* Second Floyd Decl. ¶ 19, but Glencore does not even attempt to explain why the purported forum contacts of that entity should support exercise of jurisdiction over Vedanta, its ultimate corporate parent.  *See, e.g., Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 166 (E.D.N.Y. 2006).

As to Sterlite, Glencore alleges that it is a party in a bankruptcy proceeding in Texas and that, according to a website of unknown provenance or authorship called "importgenius.com" (which Glencore itself acknowledges contains implausible information), cargo initially sold by Sterlite outside the United States was shipped to the United States by a third-party.  Even crediting these allegations, they are insufficient to confer general jurisdiction.  *See, e.g., Porina*, 521 F.3d at 129 (explaining that personal jurisdiction does not exist "merely because, as the owner may have expected, the vessel has repeatedly visited the forum's ports at the sole direction of its charterers"); *Kiobel v. Royal Dutch Petroleum Co*., No. 02 Civ. 7618, 2010 WL 2507025, at *8 (S.D.N.Y. June 21, 2010) (explaining that "[s]ales of a foreign manufacturer's product in the United States made by third parties are generally insufficient to establish jurisdiction over the foreign manufacturer").

**D.**     ***Quasi In Rem* Jurisdiction Is Not Available.**

Glencore also cannot establish *quasi in rem* jurisdiction.[1]  Opp. Mem. at 21.  To establish *quasi in rem* jurisdiction, Glencore must identify specific property that forms the basis of such jurisdiction and show that Vedanta and Sterlite have the minimum contacts required by the Due

---

[1]     We address *quasi in rem* jurisdiction, as opposed to *in rem*, because Glencore's claim is against Defendants, not Defendants' property. "In rem jurisdiction is based on the well-established theory that the thing is itself treated as the offender and made the defendant by name or description." *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd*., 585 F.3d 58, 69 (2d Cir. 2009) (internal quotation marks omitted).

Process Clause.  *See Shaffer v. Heitner*, 433 U.S. 186, 212 (1977); 4A CHARLES ALAN WRIGHT

& ARTHUR R. MILLER, FEDERAL PRACTICE AND  PROCEDURE § 1072 (3d ed. 2010).  Moreover, an

attachment of the purported property is a procedural prerequisite for *quasi in rem* jurisdiction.

*See* Fed. R. Civ. P. 4(n)(2) (a district court asserts jurisdiction over a defendant's assets by

"seizing the assets" in accordance with the forum state's procedures); David D. Siegel, N.Y.

Practice § 313 (4th ed. 2010) (explaining that an attachment "is the device New York uses to

implement the 'quasi in rem' category of jurisdiction").

     None of these requirements are met.  It is undisputed that Balco has no property in New

York, or in the United States, and therefore that Glencore cannot establish jurisdiction over

Balco on the basis of any property.  Glencore has also failed to identify any specific assets of

Sterlite or Vedanta in the United States, and, as demonstrated above, none of the Defendants

have the requisite minimum contacts with the United States.  Finally, Gencore has not attached –

and cannot attach – any property to support the exercise of *quasi in rem* jurisdiction.

### E.    Glencore Is Not Entitled To Jurisdictional Discovery.

     It is within this Court's "discretion to deny jurisdictional discovery when the plaintiff has

not made out a prima facie case for jurisdiction."  *Frontera Res. Azerbaijan Corp. v. State Oil*

*Co. of Azerbaijan Rep.*, 582 F.3d 393, 401 (2d Cir. 2009) (internal quotation marks omitted)

(upholding denial of discovery where request was based on "pure speculation").  Given the

absence of any reasonable basis for asserting personal jurisdiction, Glencore's request for

discovery should be denied.

## II.    Glencore's "Alter Ego" Allegations Fail.

### A.    The "Alter Ego" Claim May Not Be Considered In This Action.

     A petition to confirm is not the proper procedural vehicle through which to raise an "alter

ego" claim because consideration of such a claim would "unduly complicate and protract the

proceeding." *See Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan.*, 312 F.2d 299, 301 (2d Cir. 1963); *cf. Dist. Council 1707 v. Ass'n of Black So. Workers Day Care*, No. 09 Civ. 5773, 2010 WL 1049617, at *2 (S.D.N.Y. Mar. 22, 2010).  Glencore appears to argue that because the Court would have to undertake a complex analysis of the "alter ego" allegations just to get over the threshold question of jurisdiction, the concerns animating the Second Circuit holding in *Orion* do not apply.  Opp. Mem. at 25.  That argument makes no sense.  If anything, it merely underscores that Glencore is inviting the Court to undertake exactly the type of analysis that the Second Circuit has held to be inappropriate in this context.

### B.       Balco Is Not The "Alter Ego" Of Sterlite Or Vedanta.

In any event, Balco is not the "alter ego" of Sterlite or Vedanta.  ***First***, Balco never represented that Sterlite or Vedanta would guarantee its debts.  Despite Glencore's numerous misrepresentations to this effect,[2] the statements by Balco about Sterlite and Vedanta in the prior Rule B action are clear on their face.  In that action, Balco filed a declaration explaining that Balco and its parent entities are well-established, solvent and financially secure entities.  Those statements were made – as background context – to support the point that Balco is very different from the "peripatetic" seafaring parties with "transient assets" against whom maritime attachments historically were applied.  *See* Second Floyd Dec. Ex. 17 at 15.  The point was not made to suggest that Vedanta or Sterlite would guarantee Balco's debts.

***Second***, as Defendants demonstrated in their opening brief, Glencore's "alter ego" allegations are wholly insufficient.  *See* Def. Mem. at 16-21.  In opposition, Glencore merely

---

[2]       After falsely alleging that Balco "represented" that Sterlite and Vedanta would "guarantee" Balco's debts multiple times, *see, e.g.*, Opp. Mem. at 2, 3, 4, Glencore later admits that Defendants did not "formal[ly] guarantee" Balco's debt. *Id.* at 14. Glencore continues, however, to falsely allege, without support, that Balco "represents" that its obligations are backed by Sterlite and Vedanta. *Id.* at 14, 23.

8

rehashes the facts and arguments already addressed by Defendants and fails to rebut Defendants' showing that Balco is not the "alter ego" or a "mere department" of Sterlite or Vedanta.  *See* Opp. Mem. 7-8, 12-14.[3]  For example, Glencore argues that the Shareholders Agreement ("SHA") between Sterlite, Balco, and the Government of India does not prevent Sterlite and Vedanta from completely controlling Balco, but fails to address the provisions in the SHA that grant the Government of India extensive governance rights over Balco, including the right to veto important actions.  *Compare* Def. Mem. at 16-17 *with* Opp. Mem. at 12.[4]

## III.    Glencore's Tortious Interference Allegations Fail.

Glencore's "tortious interference" theory should be rejected.  ***First***, Glencore offers no reason that this Court, in the context of a petition to confirm an arbitral award, should entertain new claims against new parties, none of which were part of the underlying arbitration.  *See Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) ("review of arbitral awards under the New York Convention is very limited" (internal quotation marks omitted)).  ***Second***, Glencore cannot avoid the preclusive effect of Judge Buchwald's prior decision simply by characterizing the claimed tortious interference as interference with "maritime elements of the contract."  Opp. Mem. at 10.  Judge Buchwald held that the contract is not maritime in nature and that a dispute under the contract was not within the Court's admiralty jurisdiction.  *Glencore AG v. Bharat Aluminium Co.*, No. 08-9765, 2008 WL

---

[3]    The factors courts look to in order to determine whether a parent has shown "a disregard for the separate corporate existence of the subsidiary" for purposes of agency in the personal jurisdiction context are similar to those used in the alter ego context.  *See Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-21 (2d Cir. 1984).

[4]    Glencore states that its "review of the SHA is necessarily limited," Opp. Mem. at 12 n.3, because Defendants only submitted excerpts of the SHA.  Defendants submitted excerpts of the SHA to include only the relevant material in accordance with Section III.H of this Court's Individual Practices.

5274569, at *4 (S.D.N.Y. Dec. 15, 2008).  *Finally*, Glencore simply fails to allege the elements of a tortious interference claim.  Glencore has not alleged that the breach would not have occurred "but for" the alleged acts of Sterlite and Vedanta, that Sterlite or Vendanta used "wrongful means" to procure the breach, or that Sterlite or Vendanta intended to "harm plaintiff without economic or other lawful excuse or justification."  *See* Def. Mem. at 24 (citing cases).

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in their initial moving papers, Defendants respectfully request that this Court grant their motion to dismiss the Petition with prejudice.

Dated: September 24, 2010

Respectfully submitted,
DEBEVOISE & PLIMPTON LLP

_____/s/ Jyotin Hamid_____
Jyotin Hamid (jhamid@debevoise.com)
Bethany A. Davis Noll (bdavisnoll@debevoise.com)
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

*Attorneys for Bharat Aluminium Company Limited,
Sterlite Industries (India) Limited, and Vedanta
Resources plc*

## CERTIFICATE OF SERVICE

I, Bethany A. Davis Noll, associated with the firm Debevoise & Plimpton LLP, herein certify that I am over eighteen (18) years of age and that on September 24, 2010, I caused copies of the within Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss to be served by hand and email delivery upon the following counsel:

> Alan Van Praag, Esq.
> Edward W. Floyd, Esq.
> EATON & VAN WINKLE LLP
> 3 Park Avenue
> New York, New York  10016-2078
> *Attorneys for Glencore AG*

I certify under penalty of perjury that the foregoing is true and correct.  Executed on September 24, 2010.

_____/s/ Bethany A. Davis Noll_____
Bethany A. Davis Noll
